## In re JEWELERS SHIPPING ASSOCIATION, Debtor.

### Bankruptcy No. 8800447.

United States Bankruptcy Court, D. Rhode Island.

April 10, 1989.

---

Edward Avila, Roberts, Carroll, Feldstein & Tucker, Providence, R.I., for debtor.

Ronald N. Cobert, Grove, Jaskiewicz, Gilliam and Cobert, Washington, D.C., for JSA Services, Inc.

Thomas J. Dillon, Schuyler, Roche & Zwirner, Chicago, Ill., for Cross Con Terminals, Inc.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On February 28, 1989, after finding that Cross Con Terminals, Inc. ("Cross Con") violated the automatic stay provision[1] of the Bankruptcy Code by serving an unauthorized deposition notice on Crown Terminals, we requested JSA and JSA Services to file attorney fee applications detailing the services they rendered in opposing the discovery request. 97 B.R. 149. JSA and JSA Services have each submitted such applications, and Cross Con has duly objected to them.

---

1. 11 U.S.C. § 362 provides in relevant part that:
§ 362. Automatic stay.
   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 USC 78eee(a)(3), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

After reviewing the applications, and upon consideration of the points raised in Cross Con's objection, we note, initially, that JSA Services, in addition to seeking reimbursement for services rendered in connection with the discovery request, is also requesting payment for services rendered in opposing Cross Con's Motion for a Rule 2004 Examination. Our prior Order did not contemplate payment for the cost of these services, since Cross Con was properly exercising its right to come before us and request said examination, despite our earlier adverse ruling. Hence, Cross Con is not required to compensate JSA or JSA Services for those services, which the movants say are worth $632.00 and $5,100.00, respectively.

In addition, we find that much of the time spent by JSA Services in opposing Cross Con's deposition notice was excessive and/or not required, given the nature of the issues involved, and the recognized expertise of the applicant. After carefully reviewing the documentation submitted, we allow $2,000 as fair and reasonable compensation for the legal services rendered by JSA Services,[2] together with $79.34 in expenses, for a total award of $2,079.34.

JSA has requested $236.00 as compensation for its services, which we find is reasonable and, therefore, award it said sum.[3]

Based on the above awards, Cross Con is directed to pay JSA $236.00, and JSA Services $2,079.34, within fourteen (14) days of this Order.

Enter Judgment accordingly.

**2.** Specifically, we reduced said application by one half of the requested amount for the following services:
(1) 12/22/88—legal research re Cross Con subpoena
(2) 12/27/88—review files re confidentiality order
(3) 12/28/88—correspondence to Cross Con attorney
(4) 12/29/88—legal research re bankruptcy rules regarding examinations/depositions
(5) 12/30/88—correspondence to Cross Con attorney

(6) 1/5/89—telephone conference with Jim Sell
(7) 1/6/89—review documents
(8) 1/6/89—telephone conference with Daley.

**3.** As stated previously, our February 28, 1989, Order did not contemplate payment for services rendered in relation to Cross Con's Motion for Examination, thus JSA's request for those additional fees is likewise denied.